UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANOSHA JAWAID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01378-JPH-MJD |
| | ) | |
| BRISON SWEARINGEN Sheriff, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DISMISSING ACTION**

Anosha Jawaid filed a petition for a writ of habeas corpus indicating that she was in the custody of U.S. Immigration and Customs Enforcement and detained at the Clay County Jail. Dkt. 1. On July 31, 2025, Ms. Jawaid filed an emergency motion for temporary restraining order, representing that she has been moved to a detention facility in Kentucky. Dkt. 9.

The basis for Ms. Jawaid's petition is not that ICE, the Clay County respondents, or now her custodians in Kentucky took her into custody unlawfully. Neither does she argue that her detention is unlawful or became unlawful because she has been in custody for too long. On the contrary, Ms. Jawaid concedes that she is subject to ICE custody and that the fact of her detention is lawful. Dkt. 1 ¶¶ 25, 31. Her petition is based on allegations that the conditions of her confinement violate the Constitution because she has been deprived of prescription medication while detained. *Id.* ¶¶ 27–32.

The Court ordered Ms. Jawaid to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Dkt. 4. The habeas

1

corpus statutes, including 28 U.S.C. § 2241, grant this Court jurisdiction to hear challenges to the fact or duration of the petitioner's custody. A prisoner may petition for a writ of habeas corpus to seek immediate or speedier release from custody or release from one "level of custody" to another. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). But a prisoner challenging conditions of confinement or seeking movement to a different location must file a civil rights lawsuit, not a habeas petition. *Id.*

Ms. Jawaid's response to the show-cause order further demonstrates why her claims cannot proceed in a habeas action. She continues to concede that ICE has a "legal basis for" detaining her "as an individual without lawful status in the United States." Dkt. 6 at 1. She seeks relief—through her habeas petition—because her "continuing detention in unsafe, unhealthy, and hazardous conditions, due to the deprivation of her medication, is in violation of the due process clause of the Fifth and Eighth Amendments of the United States." Dkt. 6 at 1.

The Seventh Circuit has explicitly rejected the notion that habeas corpus offers a remedy for even unconstitutional deprivations of medical care:

> Glaus's habeas corpus petition would be proper if release were among the possible remedies for an Eighth Amendment deliberate indifference claim. Unfortunately for Glaus, it is not. If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.

*Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005).  "Since release is unavailable," Ms. Jawaid's "complaint necessarily concerns only the conditions of [her] confinement and thus must be brought" in a civil lawsuit.  *Id.*

Ms. Jawaid's motion for temporary restraining further illustrates that her claims are not amenable to resolution through habeas corpus.  Ms. Jawaid bases her petition on allegations that she is being deprived prescription medications in violation of the Fifth and Eighth Amendments.  Dkt. 9-1 at 3. Even if her claims were meritorious, which the Court does not assess at this time, Ms. Jawaid would have to present them in a civil rights lawsuit in order to prevail and obtain relief.  Binding Seventh Circuit precedent prevents this Court from resolving her medical care claim by ordering her release from detention or adjudicating that claim in a habeas corpus action.

As a final matter, this Court cannot merely convert this habeas case into a civil lawsuit.  Because civil plaintiffs and habeas petitioners face different filing fees, statutes of limitation, and consequences for bringing claims that are successive, frivolous, or implausible, a habeas petitioner must bring a new civil lawsuit of her own accord.  *Bunn*, 309 F.3d at 1007.  At present, the fullest and most expedient relief this Court can offer is to dismiss this habeas action and allow Ms. Jawaid to bring a new lawsuit in which she can have a chance of obtaining relief.

This case is **dismissed without prejudice** because it does not concern the lawfulness of the fact or duration of Ms. Jawaid's custody.  *See* 28 U.S.C. § 2241; *Bunn*, 309 F.3d at 1007.  The **clerk is directed** to enter **final judgment**.

3

Ms. Jawaid's motion for temporary restraining order, dkt. [9], is **denied as moot**.

Date: 8/4/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Khiabett Tanairi Osuna
Kriezelman Burton & Associates, LLC
kosuna@krilaw.com

4